IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VIRGINIA GAGE                                                                                    PLAINTIFF

V.                                              NO. 14-3032

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Virginia Gage, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 3, 2011, alleging an inability to work since April 1, 2011, due to mood disorder, manic depression, ADHD, anxiety, PTSD, and back pain/arthritis. (Tr. 162-170, 173-174, 242, 220). An administrative hearing was held on September 11, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 30-89).

By written decision dated January 18, 2013, the ALJ found that Plaintiff had an

impairment or combination of impairments that were severe - degenerative disk disease/osteoarthritis of the lumbar spine, obesity, mood disorder/major depressive disorder, posttraumatic stress disorder (PTSD), anxiety disorder and personality disorder with borderline personality traits/borderline personality disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can only occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can further perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved, and the supervision required is simple, direct and concrete.

(Tr. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform her past relevant work, but there were other jobs Plaintiff would be able to perform, such as clerical worker, assembler, and machine tender. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on February 3, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7 ). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments

AO72A
(Rev. 8/82)

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following arguments in this matter: 1) Whether there is substantial evidence to support the ALJ's decision; and 2) Whether the ALJ erred in failing to assign proper weight to Plaintiff's treating physician. (Doc. 11).

#### A.   RFC Determination:

Plaintiff argues that due to her physical and mental impairments, she is more limited than the ALJ concluded in his RFC. She argues that the ALJ failed to assign proper weight to the opinion of Dr. Kevin Richter, Plaintiff's treating physician.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own

descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining Plaintiff's RFC in this case, the ALJ considered and discussed the x-ray of Plaintiff's lumbar spine taken on December 13, 2011, and the MRI scan performed on December 22, 2011. (Tr. 17). The x-rays revealed mild lumbar levoscoliosis, congenital asymmetry of S1, and extensive arthritic change more pronounced on the right. (Tr. 830). The MRI scan revealed:

> Moderate focal disc degeneration at L4-L5 secondary to chronic bilateral pars interarticularis defects (spondylolysis) at this level and with an associated low to moderate grade anterolisthesis. No significant central canal stenosis. There is mild to moderate left-sided and moderate to severe right-sided bilateral neuroforaminal narrowing at this level.
>
> Essentially normal disc spaces above and below but with moderate facet arthropathy at L3-L4.
>
> Approximate 6 cv complex left ovarian cystic mass for which neoplasia diagnosis of exclusion. Sonographic followup in 1 to 2 menstrual cycles recommended to assess for involution. If the lexion persists or enlarges, laparoscopic visualization may be necessary.

(Tr. 832-833).

The ALJ also discussed the Plaintiff's mental impairments, noting that Plaintiff had been diagnosed with anxiety and depression and admitted to the hospital for suicidal thoughts. (Tr. 18). The ALJ addressed the fact that Plaintiff worked at Dollar Tree, and concluded that Plaintiff's back disorder and obesity supported the finding that she could only do work at the sedentary exertional level, with additional limitations on her abilities to climb, balance, stoop, kneel, crouch and crawl. (Tr. 18).

The ALJ discussed Dr. Richter's opinion, and concluded that while Plaintiff's back pain caused limits, it did not cause any greater limits than those found in the RFC, and that Dr. Richter did not recommend any specific limitations on her activities due to her back pain and obesity. (Tr. 19). The ALJ did not believe that Dr. Richter's progress notes indicated that Plaintiff was as limited as he indicated, and therefore gave Dr. Richter's opinion limited weight. (Tr. 19). The Court agrees with the ALJ's conclusions in this regard.

The ALJ also gave the state agency opinions little weight, and discounted them in light of the medical evidence that was submitted at the hearing level. (Tr. 20).

With respect to Plaintiff's mental limitations, the ALJ noted, and the record confirms, that Plaintiff stated that when she had experienced a breakdown while working at Dollar Tree, she was able to keep it to herself and keep working, and that she reported to Dr. Nichols that she handled most domestic and parenting tasks. (Tr. 20). The ALJ also found it noteworthy that Plaintiff continued to work at Dollar Tree until November 2012, which indicated that she could perform work within the limits of the mental RFC. (Tr. 20).

The ALJ recognized Plaintiff's GAF scores, and gave them little weight. (Tr. 21). He noted that Dr. Brown assessed her score as 52 in May 2012, and found that due to the variation

in scores and lack of a consistent standard in applying the GAF scales, they were given little weight. (Tr. 21). The Eighth Circuit has held that GAF scores are "not essential to the accuracy of an RFC determination, only that it may be of considerable help in formulating RFC." Earnheart v. Astrue, 484 F. Appx. 73, 75 (8th Cir. 2012); King v. Colvin, No. C13-3039-LTS, 2014 WL 1344194, at *11 (N.D.Iowa, Apr. 4, 2014). In addition, in Jones v. Astrue, 619 F.3d 963, 973-974 (8th Cir. 2010), the Eighth Circuit referenced a 6th Circuit opinion, DeBoard v. Comm'r of Soc.Sec., 211 Fed. Appx. 411, 415 (6th Cir. 2006(unpublished), in support of its position, when it stated that "an ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." Jones, 619 F.3d at 974.

Finally, the ALJ gave great weight to the Medical Source Statement completed by Dr. Cheryl Woodson-Johnson, who found that Plaintiff could perform work where interpersonal contact was incidental to the work performed, the complexity of tasks was learned and performed by rote with few variables and little judgment involved, and the supervision required was simple, direct and concrete. (Tr. 21). The ALJ also gave Dr. Charles Nichols' findings substantial weight, as being consistent with the symptoms described in the treatment records from Plaintiff's mental healthcare providers. (Tr. 22). He reported that even though Dr. Nichols only saw Plaintiff one time, his findings did not support any greater limitations than those found in the RFC. He also noted that Dr. Nichols reported that Plaintiff tended to endorse symptoms indiscriminately, and he thought she may have been exaggerating her symptoms to an extent. (Tr. 22).

The Court finds, based upon the foregoing, the record as a whole, and Defendant's well-reasoned brief, that there is substantial evidence to support the ALJ's RFC determination and

the weight he gave to all of the opinions of the medical care providers.

### B.     Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, in assessing Plaintiff's credibility, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 18). The ALJ then noted some of the inconsistencies, such as the fact that Plaintiff was working about 15 hours per week, saying she would just deal with the pain, an indication that her pain did not cause any greater limitations than those found in the RFC assessment. He also noted that Dr. Nichols reported that she was the one who often did the housework, as well as the fact that Dr. Richter did not recommend any specific limitations on her activities due to her back pain and obesity. (Tr. 19).

Based upon the foregoing, the Court finds there is substantial evidence to support the

ALJ's credibility findings.

### C.     Hypothetical Question to VE:

At the hearing, the ALJ posed the following hypothetical questions to the VE:

> Q: So, if you have a hypothetical individual same age, education, past work as Ms. Gage who is limited to light work as defined by the Social Security Regulations, further limited to only occasional climbing, balancing, stooping, kneeling, crouching and crawling. Further find the individual's [sic] able to perform work where interpersonal contact is incidental to the work performed. The complexity of tasks is learned and performed by wrote [sic] with few variables, use of little judgment. Supervision required is simple, direct and concrete. Do you think such a hypothetical individual could perform any of the claimant's past work either as she performed it or as it's generally performed?
>
> A. The individual could perform the poultry deboner, the deli slicer, and housekeeper.
>
> Q: And if I reduce the hypothetical down to the sedentary level, that's going to exclude all the claimant's past work?
>
> A. Yes, sir, it work.
>
> Q. Can you identify sedentary jobs that would accommodate all those limits?
>
> A. Yes, sir. ...clerical worker jobs....assembler;...machine tender jobs....
>
> Q. What if I found the individual could perform no climbing, no kneeling, crouching, crawling? What impact would it have on those sedentary level jobs?
>
> A. No effect on those sedentary jobs.

(Tr. 82-84).

The Court finds that the hypotheticals the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's

AO72A
(Rev. 8/82)

response to the hypothetical questions posed by the ALJ constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing such jobs as clerical worker, assembler, and machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of March, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE